**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Tovia Gross,<br><br>　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>Experian Information Solutions, Inc.<br><br>　　　　　　　　Defendant(s). | Case No.<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tovia Gross, by and through counsel, as and for this Complaint against Defendant Experian Information Solutions, Inc. ("Experian" or "Bureau"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1.　　Plaintiff brings this action for damages arising from the Defendant's violation of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

2.　　As described more fully below, the Defendant improperly reported a balance and delinquency for an account on Plaintiff's credit report that was the result of fraud and identity theft.

3.　　After a prior dispute from Plaintiff, Defendant remove the Account.

4.　　Despite this, Defendant has reinserted the delinquent fraudulent Account on Plaintiff's credit report.

5.　　Plaintiff was thereby damaged.

## JURISDICTION AND VENUE

6.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p *et seq*.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

8.    Plaintiff is a resident of New York, County of Orange.

9.    At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

10.    Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11.    Experian is an Ohio corporation registered to do business in this State.

12.    Experian may be served with process c/o CT Corporation System, 28 Liberty St., New York, NY 10005.

13.    Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

14.    At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15.    Experian was sued by the Consumer Financial Protection Bureau ("CFPB") on January 7, 2025.

16.     The CFPB sued Experian for sham investigations of credit report errors. https://www.consumerfinance.gov/about-us/newsroom/cfpb-sues-experian-for-sham-investigations-of-credit-report-errors/.

17.     Experian does not properly investigate disputes and fails to remove or reinserts errors on reports, threatening consumers' access to credit, employment, and housing. *Id.*

18.     Experian routinely and uncritically accepts the original furnisher's response to the disputed information, even when that response was improbable or illogical on its face, or when Experian has other information available that suggests the furnisher is unreliable. *Id.*

19.     Experian's failures are an abdication of its obligations under the FCRA. *Consumer Financial Protection Bureau v. Experi an Information Solutions, Inc.*, 8:25-cv-00024 (Central Dist. Cal.) Doc. 1 at ¶ 14.

## FACTUAL ALLEGATIONS

20.     Plaintiff incorporates the above allegations as if set forth here.

### Background

21.     Plaintiff is a victim of fraud and identity theft.

22.     There was an HSBC account in Plaintiff's name with $2,195 charged off ("Account").

23.     Plaintiff disputed the Account with Experian.

24.     Experian failed to remove the Account.

25.     Plaintiff sued Experian.

26.     Only then did Experian properly investigate the Account.

27.     Pursuant to that investigation after Plaintiff filed suit, Experian removed the Account from Plaintiff's credit report.

28.    By at least January 2025, the Account was no longer appearing on Plaintiff's credit report.

Violations

29.    In or about April 2025 the Account was reinserted on Plaintiff's credit report.

30.    There is an account from original creditor, HSBC Bank, now appearing from creditor First Capital Group ("Furnisher").

31.    The Account still shows a $2,195 balance.

32.    The balance and account are fraudulent.

33.    Defendant removed the Account removed yet it is appearing again on Plaintiff's credit report.

34.    Most importantly, the Account is charged off.

35.    The Account is being reported by a debt buyer and debt collector.

36.    This is very damaging to Plaintiff's credit rating.

37.    The Bureau was reporting the Account on Plaintiff's credit reports.

38.    On information and belief, on date(s) better known to the Bureau, it issued credit reports concerning the Plaintiff that included the Account.

39.    The information published by the Bureau was inaccurate.

40.    The Bureau had been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

41.    The Bureau was in receipt of the evidence showing that the reported information was inaccurate.

42.    The Bureau had already remove the fraudulent Account.

43.    The Bureau was in receipt of information showing the information reported by Furnisher was inaccurate.

44.    The Account that had been previously removed upon Plaintiff's dispute(s) for being fraudulent, was improperly reinserted on his credit report by the Bureau.

45.    Defendant never notified Plaintiff that the previously deleted Account was reinserted in his credit file and credit report.

46.    The Account was improperly placed on Plaintiff's credit report by Defendant despite the fact that the Account was the result of fraud.

47.    The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

48.    The Defendant knew or had reason to know the information was inaccurate.

49.    The Defendant was in possession of the documentation of the inaccuracies and fraud of the Account yet persisted in reporting it anyway.

50.    Before reinserting the Account, the Bureau was required to receive certification from the respective alleged creditor that the information is complete and accurate.

51.    Upon information and belief, the Bureau violated 15 U.S.C. § 1681i (a)(5)(B)(i) by failing to receive the necessary certification before reinsertion.

52.    When reinserting a previously deleted account, the Bureau was required to provide Plaintiff with written notification within five days of the reinsertion.

53.    The Bureau violated 15 U.S.C. § 1681i (a)(5)(B)(ii) by failing to provide the required notice that the Account was reinserted.

54.    Before reinserting the Account, the Bureau was required by law to provide Plaintiff with certain additional information.

55.     The Bureau further violated 15 U.S.C. § 1681i (a)(5)(B)(iii) by failing to provide the additional information required to be provided to Plaintiff.

56.     The Bureau is required to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's consumer's file, and in consumer reports for the consumer, of information that was deleted.

57.     The Bureau further violated 15 U.S.C. § 1681i (a)(5)(C) by failing to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's file and consumer reports, of information that was previously deleted.

<u>Damages</u>

58.     As a result of the Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

59.     The Defendant's erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

60.     Plaintiff suffered damage to his reputation as it falsely appears as if he is delinquent on the Account when he is not.

61.     It also falsely appears as if Plaintiff owes or owed money on the Account.

62.     This false information was published to numerous third parties.

63.     This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

64.     Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify the Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment for having

false information on his credit report, for credit denial, and for having others see the false credit information..

65.    Plaintiff was denied funding opportunities due to Defendant's actions.

66.    When Plaintiff applied for a credit card with Chase Bank, he was denied due to Defendant's "…credit report reflects one or more accounts that are delinquent."

67.    This denial caused Plaintiff to suffer tangible and intangible losses of lack of available credit.

68.    Plaintiff suffered and continues to suffer due to Defendant's improper actions.

69.    Plaintiff was emotionally distraught and damaged, had difficulty sleeping, and difficulty staying asleep.

70.    The Defendant's actions have exacerbated, enabled, and lengthened the impact of the identity thieves' crimes against Plaintiff.

71.    Plaintiff believed his prior lawsuit had finally put an end to the saga of the fraudulent Account appearing on his credit report only to have Defendant reinserted it.

72.    Plaintiff felt helpless.

### **FIRST CAUSE OF ACTION**
**(Violations of the FCRA as to the Bureau)**

73.    Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

74.    This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

75.    The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained or furnished concerning the Plaintiff.

76.    The Bureau violated 15 U.S.C. § 1681i (a)(5)(B)(i) by failing to receive the necessary certification before reinsertion.

77.    The Bureau further violated 15 U.S.C. § 1681i (a)(5)(B)(ii) by failing to provide the required reinsertion notice to Plaintiff.

78.    The Bureau further violated 15 U.S.C. § 1681i (a)(5)(B)(iii) by failing to provide the information required to be provided to Plaintiff upon reinsertion.

79.    The Bureau violated 15 U.S.C. § 1681i (a)(5)(C) by failing to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's file and consumer reports, of information that was previously deleted.

80.    The Bureau has willfully and recklessly, or in the alternative negligently, failed to comply with the Act.

81.    The failure of the Bureau to comply with the Act include but is not necessarily limited to:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c)  The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

d)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

f)   failing to block information in Plaintiff's credit report after Plaintiff identified it as information that resulted from identity theft;

g)   The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

h)   failing to provide the required notice related to reinserting a formerly deleted account;

i)   failing to provide the information required to be provided to Plaintiff related to reinserting a formerly deleted account; and

j)   failing to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's file and consumer reports, of information that was previously deleted.

82.   As a result of the conduct, action and inaction of the Bureau, Plaintiff suffered damage as described above.

83.   The conduct, action and inaction of the Bureau was willful rendering the Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

84.   In the alternative, the conduct, action, and inaction of the Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

85.   Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

86.   WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## **DEMAND FOR TRIAL BY JURY**

87.   Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a)    For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded
       for each negligent violation as alleged herein;

b)    For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)    For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d)    For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)    For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f)    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15
       U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g)    For any such other and further relief, as well as further costs, expenses and
       disbursements of this action as this Court may deem just and proper.


Dated:  July 30, 2025

                                                  By: **STEIN SAKS, PLLC**
                                                      <u>s/ Eliyahu Babad</u>
                                                      Eliyahu Babad
                                                      One University Plaza, Suite 620
                                                      Hackensack, NJ 07601
                                                      (201) 282-6500 x121
                                                      EBabad@SteinSaksLegal.com

                                                      *Attorneys for Plaintiff*